USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-23-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROMEO KREINBERG,    :
          :
       Plaintiff,  :
          :  07 CV 4557 (VM)
    -against-   :
          :  **DECISION AND ORDER**
THE DOW CHEMICAL COMPANY and  :
ANDREW N. LIVERIS,   :
          :
       Defendants.  :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Romeo Kreinberg ("Kreinberg") brought this case against defendants The Dow Chemical Company ("Dow") and Andrew N. Liveris ("Liveris") alleging defamation, tortious interference with contract, and tortious interference with prospective business advantage. By letter to the Court dated June 27, 2007, Dow sought permission to file a motion to transfer the case to the Eastern District of Michigan. On July 19, 2007, the Court held a conference to discuss Dow's proposed motion. For the reasons stated below, the Court finds that the transfer of this case to Michigan, pursuant to 28 U.S.C. § 1404(a), is appropriate.

"Section 1404(a) reposes considerable discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Red Bull Assoc. v. Best Western Int'l, Inc., 862 F.2d 963, 967 (2d Cir. 1988) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In assessing whether transfer of an action is warranted pursuant to 28 U.S.C. § 1404(a), courts are

guided by several factors: (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of relevant documents and the ease of access to those sources of proof; (4) the situs of the operative events at issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice. See Ayala-Branch v. Tad Telecom, Inc., 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002); Berman v. Informix Corporation, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998) (citations omitted). Ordinarily, the plaintiff's choice of forum is accorded relatively greater importance than the other factors. That is not the case, however, when the operative facts have few meaningful connections to the plaintiff's chosen forum. See Berman, 30 F. Supp. 2d at 659. Under those circumstances, the importance of the plaintiff's choice of forum measurably diminishes. See id.; see also Crutchfield v. Country Wide Home Loans, No. 02 Civ. 9092, 2003 WL 102879, *1-2 (S.D.N.Y. Jan. 3, 2003). "The location of operative events is a 'primary factor' in determining a motion to transfer venue." ZPC 2000, Inc. v. SCA Group, Inc., 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000).

    The events that give rise to this action relate primarily to statements made by Dow in Michigan regarding its purported reasons

2

for terminating its employment of Kreinberg. Two other lawsuits have been filed relating to the same set of operative facts. On May 8, 2007, Dow filed suit against Kreinberg and J. Pedro Reinhard ("Reinhard") in the Eastern District of Michigan alleging breach of fiduciary duties and breach of contract. On the same day, Kreinberg and Reinhard each filed a complaint in New York alleging defamation and other claims. Dow has moved to transfer Reinhard's action to Michigan. The existence of two other actions raises the possibility of duplicative proceedings and incompatible outcomes.

None of the parties resides in New York. Dow is a Delaware Corporation with headquarters in Midland, Michigan. Liveris is the Chief Executive Officer, President, and Chairman of the Board of Dow. Kreinberg resides in Michigan and Florida.

Most of the operative events -- the discovery by Dow of unauthorized actions allegedly taken by Kreinberg, the subsequent meetings at which Dow decided to terminate Kreinberg, the actual termination of Kreinberg, and the public statements made by Dow regarding its reasons for terminating Kreinberg -- all took place in Michigan. The unauthorized actions alleged to have been taken by Kreinberg occurred in Europe. Because most of the relevant events took place in Michigan, it is likely that most of the witnesses and documents are located there. The Court would lack power to compel the attendance of any unwilling non-party witnesses. Additionally, it is likely that Kreinberg's claims

would be governed by Michigan law.

The only factor weighing in favor of maintaining this action in New York, other than its being the plaintiff's choice of forum, is the possibility that the Michigan court might be unable to compel the appearance of at least one potential witness, James Dimon, the Chief Executive Officer and Chairman of the Board of JPMorgan Chase, who resides in New York.

On balance, the totality of the circumstances, analyzed under 28 U.S.C. § 1404(a), weigh in favor of conducting this litigation in the Eastern District of Michigan. The Court finds that the operative facts are sufficiently similar to those underlying the action brought by Dow in Michigan to support a determination that the present case should consolidated with that action. Accordingly, the Court concludes that transfer of the action is warranted.

For the reasons discussed above, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: New York, New York
       23 July 2007

_____
Victor Marrero
U.S.D.J.

4